IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00485–WJM–KMT

JACOB RICHARDSON,

     Plaintiff,

v.

CITIGROUP, INC.,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This matter comes before the court on "Defendant's Motion to Compel Arbitration and Stay Proceedings" (Doc. No. 18 ["Motion"]) filed on May 29, 2012, Plaintiff's "Motion to Deny Stay of Proceedings and Compel Arbitration" (Doc. No. 21 ["Resp."]) filed on June 5, 2012, and Defendant's "Reply in Support of Motion to Compel Arbitration and Stay Proceedings" (Doc. No. 25 ["Reply"]) filed June 22, 2012.  For the following reasons, this court recommends that Defendant's motion be GRANTED.

## I. FACTS

     Plaintiff filed this Title VII Complaint against Defendant February 22, 2012, asserting claims of retaliation, creation of a hostile work environment, denial of training, denial of promotional and lateral opportunities, and physical and emotional harm due to negligence regarding his health issues.  (Doc. No. 1.)  Defendant Citigroup, Inc., moves to stay proceedings

and compel arbitration based on an agreement signed by Plaintiff to arbitrate.  (Mot. Ex. 2.)

Upon hire in 2008, Plaintiff signed a form acknowledging receipt of the Employment Arbitration

Policy and acknowledged his understanding that the handbook contained a policy that required

him to submit employment related disputes to binding arbitration.  (*Id.*)  Defendant's U.S.

Consumer Group 2006 Employee Handbook states,

> The Policy makes arbitration the required and exclusive form for the resolution of all
> employment disputes based on legally protected rights (i.e., statutory, contractual, or
> common-law rights) that may arise between an employee or former employee and the
> Company or its current and former parents, subsidiaries, and affiliates and its and their
> current and former officers, directors, employees, and agents (and that aren't resolved by
> the Internal Dispute Resolution Procedure) including, without limitation, claims,
> demands, or actions under Title VII of the Civil Rights Act of 1964 . . . .

(Mot. Ex. 1 at 5.)  In 2009, Plaintiff received an updated 2009 U.S. Employee Handbook,

containing the same policy, and he electronically acknowledged his obligation to comply with

the Employment Arbitration Policy.  (Mot. Ex. 3.)

## II. LEGAL STANDARD

There is a strong federal policy favoring arbitration for dispute resolution, and this policy

"requires a liberal reading of the arbitration agreements."  *Moses H. Cone Mem'l Hosp. v.*

*Mercury Constr. Corp.*, 460 U.S. 1, 23 n. 27 (1983).  This means that any doubts concerning the

scope of the arbitrable issues should be resolved in favor of arbitration.  *See id.* at 24-25; *Coors*

*Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1514 (10th Cir. 1995) ("all doubts are to be

resolved in favor of arbitrability").  District courts must defer to arbitration "unless it may be

said with positive assurance that the arbitration clause is not susceptible of an interpretation that

covers the asserted dispute."  *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363

U.S. 574, 582-83 (1960); s*ee also Fuller v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, 88 F. Supp. 2d 1158 (D. Colo. 2000).  Additionally, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA") codifies a strong federal policy favoring the enforcement of arbitration agreements. Sections 3 and 4 of the FAA permit a Court to compel arbitration when one party has failed or refused to comply with an arbitration agreement.  9 U.S.C. §§ 3-4.[1]

The Supreme Court made it clear in *Circuit City Stores, Inc. v. Adams* that arbitration clauses in employment contracts are enforceable.  532 U.S. 105, 129 (2001); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27-33 (1991) (arbitration agreement between an employee and employer subjected the employee's age discrimination claim to mandatory arbitration); *Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230 (10th Cir. 1999) (recognizing that *Gilmer* reaffirmed the Arbitration Act's presumption in favor of enforcing agreements to arbitrate statutory claims, but holding the agreement unenforceable because of fee-shifting provision); *McWilliams v. Logicon, Inc.*, 143 F.3d 573 (10th Cir. 1998) (affirming compelled arbitration under the ADA); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1487 (10th Cir. 1994) (Title VII claims subject to compulsory arbitration); *Fuller*, 88 F. Supp. 2d at 1158 (employment discrimination claims subject to compulsory arbitration).  Thus an arbitration agreement in an employment contract generally results in mandatory arbitration, even after the employee has left the company.  *Gourley v. Yellow Transp., LLC*, 178 F. Supp. 2d 1196, 1202-03 (D. Colo. 2001).

---

[1]Neither party disputes that the FAA controls this case.

3

Section 3 of the FAA provides that if a suit is brought on the merits of a dispute covered by an arbitration agreement, "the Court in which the suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3; *see also Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001) (noting that, in adherence to 9 U.S.C. § 3, once an issue is established as within the scope of the arbitration clause, then the Court shall stay proceedings until arbitration is complete).

### III. ANALYSIS

Plaintiff argues in opposition to the Defendant's Motion to Compel Arbitration and Stay Proceedings that the contract Plaintiff signed upon hire was illusory, unconscionable, and beyond the scope of the current proceeding because he asserts claims on behalf of a class. (Resp. at 3-7.)

***Illusory Contract***

Plaintiff argues that the contract is illusory because the policy allows Defendant to unilaterally amend, modify, or revoke the agreement and therefore affords Plaintiff no bargaining power. (Resp. at 3.) In *Dumais v. American Golf Corp.*, the Tenth Circuit held that "an arbitration agreement allowing one party the unfettered right to alter the arbitration agreement's existence or its scope is illusory." 299 F.3d 1216, 1219 (10th Cir. 2002). The *Dumais* Court was confronted with an employee handbook containing conflicting provisions, one that permitted the employer to alter the arbitration agreement and one that did not. The

4

Tenth Circuit resolved the ambiguity against the employer, interpreting the handbook to allow

the employer to alter the arbitration provision at will.  Given this interpretation, it then agreed

with other circuits that the power to unilaterally modify the provision rendered the arbitration

agreement illusory.  *Id.* at 1220.

However, an arbitration agreement that allows the drafting party only a limited right to

modify the agreement, *i.e.*, a right to modify the agreement under certain restrictions, may not be

illusory.  *Hardin v. First Cash Financial Servs.*, 465 F.3d 470, 478 (10th Cir. 2006).  In *Hardin*,

a clause in the arbitration agreement provided that the defendant employer "retains the right to

terminate the [agreement] . . . and/or to modify or discontinue the [Dispute Resolution

Program]." *Id.*  The limitations provided that prior to amending or terminating the agreement,

the defendant would comply with the following restrictions: (1) provide ten days' notice to its

current employees; (2) not amend the agreement if it had actual notice of a potential dispute or

claim; and (3) not terminate the agreement as to any claims which arose prior to the date of

termination. *Id.*

Other courts have upheld similar provisions where the employer was required to give

notice or was otherwise restricted in some way before amending or changing the agreement. *See*

*Alarpe v. Group 1 Auto. Inc.,* No. 06-cv-00873-REB-BNB, 2006 WL 2990212, at *2 (D. Colo.

2006) (holding that the agreement was not illusory where defendants retained the right to alter or

amend the policy because any alteration had to be provided in writing and signed by the

president of the company and noting that other district courts within this circuit have found

provisions that merely require advance notice of changes to the company's arbitration policy are

not illusory under the principle announced in *Dumais*).  The cases cited in *Dumais* which found

an employment agreement illusory all relied on the fact that the employer was able to modify the

handbook or arbitration provision without notice.  *See Dumais*, 299 F.3d at 1219 (citing *Hooters*

*of Am., Inc. v. Phillips*, 173 F.3d 933, 939 (4th Cir. 1999); *Gibson v. Neighborhood Health*

*Clinics, Inc.*, 121 F.3d 1126, 1133 (7th Cir. 1997)).

  In addressing an arbitration clause consisting of the exact same language as the one at

issue here, Chief Judge Daniel, in *Lumuenemo v. Citigroup, Inc.*, No. 08-cv-00830-WYD-BNB,

2009 WL 371901 (D. Colo. Feb. 12, 2009), looked to the language of an arbitration clause that

allowed Citigroup to modify the agreement with thirty days' notice and applicable prospectively

only, and found the clause was not illusory.  *Id.* at *4.  Like the agreement in *Hardin*,

Defendant's right in this case to modify or change the employment agreement in any way is

restricted.  (*See* Mot. Ex. 4 at 9.)  If Defendant decides to modify or terminate the agreement, the

change will not become effective until Defendant has provided its employees thirty days' notice.

*Id.*  In addition, any alterations would apply prospectively only.  *Id.*  Accordingly, the court finds

the agreement is not illusory.

### *Unconscionability*

  Plaintiff argues the arbitration is unconscionable because it is a mandatory condition of

employment.  (Resp. at 5.)  One of the legal grounds for revoking a contract is unconscionability.

*Univ. Hills Beauty Acad. Inc. v. Mountain States Tel. & Tel. Co.*, 554 P.2d 723, 726 (Colo.

1976).  "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable

from the remainder of the contract."  *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 445

(2006).  Therefore, to defeat Defendant's Motion to Compel Arbitration, Plaintiff must show that

the arbitration agreement itself, and not the contract in general, is unconscionable and, therefore,

unenforceable.  *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010) ("If a party

challenges the validity under § 2 of the precise agreement to arbitrate at issue, the federal court

must consider the challenge before ordering compliance with the agreement under 9 U.S.C. §

4").

Colorado courts consider several factors in determining whether a contractual provision

is unconscionable, including, (1) the use of a standardized agreement executed by parties of

unequal bargaining power; (2) the lack of opportunity for the customer to read or become

familiar with the document before signing it; (3) the use of fine print in the portion of the

contract containing the provision in question; (4) the absence of evidence that the provision was

commercially reasonable or should reasonably have been anticipated; (5) the terms of the

contract, including substantive fairness; (6) the relationship of the parties, including factors of

assent, unfair surprise, and notice; and (7) the circumstances surrounding the formation of the

contract, including setting, purpose, and effect.  *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo.

1986).

In reviewing the facts, Plaintiff does not deny that he had time to read and understand the

arbitration agreement. Moreover, Plaintiff agrees that his claims fall within the scope of the

agreement.  (Resp. at 6.)  The purpose of the policy is clear in the language of the agreement:

"The Company believes that the resolution of such disagreements [between the individual

employee and the Company or between employees in a context that involves the Company] will

7

be best accomplished by internal dispute resolution and, where that fails, by arbitration . . . ." (Mot. Ex. 1 at 5.)  Here, Plaintiff was required to return and complete the receipt for the Employee Handbook within 30 days (Mot. Ex. 1 at 4), and thus Plaintiff cannot argue unfair surprise or lack of notice.  Plaintiff concedes he had the opportunity to familiarize himself with the policy.  Plaintiff, by signing the receipt forms, acknowledged his understanding of the policy requiring him to submit to binding arbitration.  (Mot. Ex. 2-3.)  There also is no evidence that Plaintiff was subject to significant external pressure driving him to sign the agreements without taking time to review them and/or have some one else review them.  There is no dispute that the agreement to arbitrate was prominently written in the Handbook and specifically noted in the receipt forms signed by Plaintiff.  (Mot. Ex. 1 at 5, Ex. 2-3, Ex. 4 at 5.)  The agreement appears to contain relatively standard terms, which would suggest that they are substantially fair.  All of these factors weigh against a finding of unconscionability.

***Class Action Waiver***

       Finally, Plaintiff asserts that the arbitration agreement cannot be enforced because he "seeks to bring his claim on behalf of himself and similarly situated current and former employees of Defendant CITIGROUP INC."  (Resp. at 7.)  The court recognizes that the Employment Arbitration Policy signed by Plaintiff states, "Except as otherwise required by applicable law, this Policy applies only to claims brought on an individual basis.  Consequently, neither Citi[group] nor any employee may submit a class action, collective action, or other representative action for resolution under this Policy."  (Mot. Ex. 1 at 5.)  However, in this case Plaintiff has failed to bring a class action suit.  Plaintiff filed his complaint as an individual,

failing to denote anywhere in the pleading or on the civil cover sheet that he intends to bring a

class action.  (Doc. Nos. 1, 1-1.)  Moreover, Plaintiff pleads none of the prerequisites that justify

a class action suit under Fed. R. Civ. P. 23(a), including (1) the class is so numerous that joinder

of all members is impracticable; (2) there are questions of law or fact common to the class; (3)

the claims or defenses of Plaintiff are typical of the claims or defenses of the class; and (4)

Plaintiff will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a); (*see*

Doc. No. 1).  Plaintiff also has not requested an order certifying a class from the court under Fed.

R. Civ. P. 23(c).  Finally, Plaintiff's factual allegations are based on his own alleged

mistreatment.  (Compl. at 4.)  Therefore, it is clear, despite Plaintiff's argument, that he did not

intend for this matter to proceed as a class action.  Thus, this argument fails.

     WHEREFORE, for the foregoing reasons, this court respectfully

     **RECOMMENDS** that Defendant's "Motion to Compel Arbitration and Stay

Proceedings" (Doc. No. 18) be **GRANTED** and that this case be stayed pending completion of

arbitration.

## ADVISEMENT TO THE PARTIES

     Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of July, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

10