**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0485-WJM-KMT

JACOB RICHARDSON,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN, DENYING PLAINTIFF'S CONSTRUED MOTION TO SET ASIDE, AND STRIKING DEFENDANT'S REQUEST TO CONFIRM ARBITRATION AWARD**

---

On February 24, 2012, Plaintiff Jacob Richardson brought this action against Defendant Citigroup, Inc, his former employer, alleging that he was unlawfully discriminated against during his employment. (ECF No. 1.) Because Plaintiff's employment contract contained an arbitration clause, Defendant moved to compel arbitration of Plaintiff's claims. (ECF No. 18.) The Court granted Defendant's motion, and administratively closed this action, stating that "[e]ither party may move to reopen this case at the conclusion of Arbitration for good cause shown." (ECF No. 27.)

In May 2013, the arbitrator held a three-day hearing on Plaintiff's claims. (ECF No. 31-1.) The arbitrator issued her decision on June 18, 2013, finding that Plaintiff had failed to show that Defendant discriminated or retaliated against him. (ECF No. 31-1.)

On July 15, 2013, Plaintiff filed a *pro se* Motion to Re-Open Complaint. (ECF No. 29.) Plaintiff states that he complied with the Court's order to participate in arbitration, but that he now wants his case heard in a "neutral and un-biased venue" by a "jury of his peers as previously requested." (*Id.*) Plaintiff alleges that the arbitration "was not held without bias, and that several infractions were allowed and levied to the Plaintiff's determent [sic] during the arbitration proceedings. Establishing both a bias and an unfair venue in favor of CITIGROUP Inc. Plaintiff's motions for Summary Judgment and Default Judgment were blatantly ignored during the arbitration as well." (*Id.*)

Defendant opposes the Motion to Reopen. (ECF No. 31.) Defendant contends that the arbitration was fair, that Plaintiff had an opportunity to be heard on his claims, and that the arbitration was binding on the parties. (*Id.*) Defendant points out that, in order for Plaintiff to have his claims heard *de novo* by a jury of his peers, he needs to have the arbitrator's decision set aside. (*Id.* at 2.) In the conclusion of its opposition brief, Defendant requests that the arbitration award "be confirmed, pursuant to 9 U.S.C. § 9." (*Id.* at 4.)

The Court will address each of the parties' requests below.

A.  **Plaintiff's Motion to Reopen**

To the extent Plaintiff seeks to reopen this civil case, the Motion is granted. The arbitration has concluded, and the arbitrator's decision has been issued. Thus, the Court finds good cause to reopen this case and determine whether the arbitration award should be confirmed.

B.     **Plaintiff's Motion to Vacate Arbitration Award**

Plaintiff's Motion to Reopen does not explicitly ask the Court to vacate the arbitration award. However, by stating that he wants to reopen the case so that it can be heard by a jury of his peers, Plaintiff is implicitly asking the Court for this relief. As Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. *See Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999). Therefore, the Court construes the Motion to Reopen as a Motion to Vacate the Arbitration Award.

The standard of review of arbitral awards is among the narrowest known to the law. *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989); *see also International Broth. of Elec. Workers, Local Union No. 611, AFL-CIO v. Public Service Co. of N.M.*, 980 F.2d 616, 618 (10th Cir. 1992). The arbitrator's decision will be enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice. *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Courts are not authorized to reconsider the merits of an award even though the parties may allege the award rests on errors of fact or misinterpretations of the parties' agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Cal-Circuit ABCO, Inc. v. Solbourne Computer, Inc.*, 848 F. Supp. 1506, 1510 (D. Colo. 1994). As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Misco*, 484 U.S. at 38.

Plaintiff alleges that the arbitrator was biased against him. (ECF No. 29 at 1.) While bias can be a basis for refusing to confirm an arbitration award, the moving party must submit "clear evidence of impropriety", and "the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982). Plaintiff's allegations in the Motion fall far short of meeting this standard.

Plaintiff also alleges that the venue of the arbitration was improper. The fact that an arbitration was held in the wrong venue is not sufficient to vacate an arbitration award. *See Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1178 (10th Cir. 2007) (holding that an allegation that the arbitration panel improperly overruled objections as to venue "because the fact that an arbitration award was held in an improper venue does not call into question the merits of the award."). As such, the Court finds that Plaintiff's instant Motion, as construed by the Court, does not establish that the arbitration award should be vacated. However, because the Court has construed Plaintiff's Motion to Reopen as one seeking vacatur of the arbitration award, rather than Plaintiff explicitly requesting this relief, the Court does not definitively rule that the arbitration award should be confirmed. Rather, the Court considers whether the arbitration award should be confirmed to be an open issue in this case.

**C.      Defendant's Implied Motion to Confirm Arbitration Award**

In Defendant's response to the Motion to Reopen, it states that the arbitration award should be confirmed, pursuant to 9 U.S.C. § 9. (ECF No. 31 at 4.) Because this request appears in the conclusion of Defendant's opposition to Plaintiff's Motion, it

violates both this Court's local rules and the undersigned's practice standards.  *See* D.C.COLO.LCivR 7.1(d); WJM Revised Practice Standard III.B ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion.  A request of this nature contained within a brief, notice, status report or other written filing does not fulfill this Practice Standard.") (emphasis in original).  As such, Defendant's request for confirmation of the arbitration award is STRICKEN.

**D.     Conclusion**

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Reopen (ECF No. 29) is GRANTED;
2. The Clerk SHALL REOPEN the above-captioned action;
3. Plaintiff's request to vacate the arbitration award is DENIED;
4. Defendant's request to confirm the arbitration award is STRICKEN;
5. The parties may refile their respective motions to confirm/vacate the arbitration award no later than February 13, 2014.  Responses to these motions shall be filed by February 27, 2014.  No replies will be permitted.

Dated this 7th day of February, 2014.

BY THE COURT:

William J. Martinez
United States District Judge