**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0485-WJM-KMT

JACOB RICHARDSON,

    Plaintiff,

v.

CITIGROUP, INC.,

    Defendant.

---

**ORDER CONFIRMING ARBITRATION AWARD**

---

On February 24, 2012, Plaintiff Jacob Richardson brought this action *pro se* against Defendant Citigroup, Inc, his former employer, alleging that he was unlawfully discriminated against during his employment. (ECF No. 1.) Because Plaintiff's employment contract contained an arbitration clause, Defendant moved to compel arbitration of Plaintiff's claims. (ECF No. 18.) The Court granted Defendant's motion, and administratively closed this action, stating that "[e]ither party may move to reopen this case at the conclusion of Arbitration for good cause shown." (ECF No. 27.)

In May 2013, the Arbitrator held a three-day hearing on Plaintiff's claims. (ECF No. 31-1.) The Arbitrator issued her decision on June 18, 2013, finding that Plaintiff had failed to show that Defendant discriminated or retaliated against him (the "Award"). (ECF No. 31-1.) Plaintiff then sought to reopen this case, which the Court granted. (ECF No. 32.)

Before the Court are the following motions: (1) Plaintiff's Motion to Vacate / Set

Aside Arbitration Award (ECF No. 34); and (2) Defendant's Motion to Confirm Arbitration Award and for Attorney's Fees (ECF No. 33).  For the reasons set forth below, Plaintiff's Motion is denied and Defendant's Motion is granted in part and denied in part.

## I.  LEGAL STANDARD

The standard of review of arbitral awards is among the narrowest in the law. *See Litvak Packing Co. v. United Food & Commercial Workers, Local Union No. 7*, 886 F.2d 275, 276 (10th Cir. 1989); *see also Int'l Bhd. of Elec. Workers, Local Union No. 611, AFL-CIO v. Pub. Serv. Co. of N.M.*, 980 F.2d 616, 618 (10th Cir. 1992).  The arbitrator's decision will be enforced if it draws its essence from the parties' agreements and is not merely the arbitrator's own brand of industrial justice.  *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960).  Courts may not reconsider the merits of an award even where the award may rest on errors of fact or misinterpretations of the parties' agreement.  *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Cal-Circuit ABCO, Inc. v. Solbourne Computer, Inc.*, 848 F. Supp. 1506, 1510 (D. Colo. 1994).  As a result, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  *Misco*, 484 U.S. at 38.

## II.  ANALYSIS

The party seeking to vacate an arbitration award bears the burden to show that one of the limited grounds for setting aside the award is met.  *Youngs v. Am. Nutrition*,

*Inc.*, 537 F.3d 1135, 1141 (10th Cir. 2008) (holding that it is "the burden of the [party seeking to have the award vacated] to provide the court with the evidence to support [his] arguments for vacating the arbitrator's award") (citation omitted).  As such, the Court will primarily focus on Plaintiff's arguments regarding vacatur of the arbitration award.

Plaintiff's main argument in his Motion is that the Court should set aside the arbitration award so that he can exercise his Seventh Amendment right to a jury trial. (ECF No. 34 at 1.)  Plaintiff contends that he complied in good faith with the Court's order that he participate in arbitration and, having done so, he is now entitled to prosecute his claims in this Court.  (*Id*.)  Unfortunately, Plaintiff's argument completely misunderstands the nature of binding arbitration.  By signing the arbitration policy in his Employee Handbook, Plaintiff agreed to make "arbitration the required and *exclusive* forum for the resolution of all employment disputes."  (ECF No. 18-1 at 5 (emphasis added).)  The right to trial by jury is waivable, and Plaintiff waived such right when he signed the arbitration policy.  *See R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 164 (4th Cir. 2004) ("A party may, of course, waive the jury trial right by signing an agreement to arbitrate.").  As such, Plaintiff may no longer exercise the Seventh Amendment right to trial by jury in this case.

Plaintiff next contends that the Court should set aside the arbitration award because the Arbitrator was biased.  (ECF No. 34 at 1.)  However, for an arbitration award to be set aside, "the evidence of bias or interest of an arbitrator must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative."

*Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982). Plaintiff's argument regarding bias falls well short of meeting this standard. Instead of producing evidence of actual, direct bias, Plaintiff argues that the Arbitrator was biased because she made discovery rulings in favor of Defendant and credited Defendant's witnesses over Plaintiff's witnesses. Such rulings on the part of the Arbitrator fall far short of establishing any type of actual bias on her part. Thus, the Court concludes that Plaintiff has failed to show that the Arbitrator's bias was so significant that the Award should be set aside.

Plaintiff contends that the Arbitrator's evidentiary rulings, particularly her failure to draw an adverse inference as a result of spoliation of evidence, is grounds to vacate the arbitration award. (ECF No. 34 at 2-3.) But even if the Court agreed with Plaintiff regarding the Arbitrator's evidentiary rulings, it could not vacate the Award on this basis. The grounds for setting aside an arbitration award are very narrow, and disagreement with evidentiary rulings is not one of them. *See* 9 U.S.C. § 10(a) (listing grounds on which a court may vacate an arbitration award). A court can vacate an arbitration award if the hearing was fundamentally unfair and deprived a participant of due process, *see Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997), but the matters complained of by the Plaintiff in this case fall far short of that standard.

In summary, Plaintiff has failed to identify any grounds which would permit the Court to vacate the Award in this case. As it was his burden to do so, the Court finds that the Award must be confirmed. As such, Plaintiff's Motion to Vacate is denied and Defendant's Motion to Confirm is granted in so far as it seeks confirmation of the Award.

Defendant's Motion to Confirm also seeks the award of attorney's fees and costs incurred in connection with the filing of the confirmation motion. (ECF No. 33 at 1.) Defendant argues that Plaintiff's reopening of this case and his attempt to set aside the Award "was wholly without merit" and that it is entitled to fees and costs as a sanction. (*Id*. at 4.) While the Court agrees that Plaintiff has failed to establish any grounds for vacating the Award, the Court does not find that attorney's fees and costs are appropriate in this case. Rather, the Court believes that Plaintiff fundamentally misunderstood the nature of a binding arbitration agreement, and genuinely believed that he would be able to reinitiate this action and pursue it to a jury trial, even after the arbitration process. Given Plaintiff's *pro se* status and lack of legal training, the Court does not find this conduct sanctionable. As such, Defendant's request for attorney's fees and costs is denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion to Vacate / Set Aside Arbitration Award (ECF No. 34) is DENIED;
2. Defendant's Motion to Confirm Arbitration Award and for Attorney's Fees (ECF No. 33) is GRANTED in so far as it seeks confirmation of the Award but DENIED as to attorneys' fees and costs;
3. The Arbitration Award (ECF No. 33-1) is CONFIRMED; and
4. The Clerk shall enter judgment in favor of Defendant. The parties shall bear their own costs.

Dated this 8th day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge